NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LEILA S., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, X.G., X.F., X.F., *Appellees.*

No. 1 CA-JV 16-0217
FILED 11-22-2016

Appeal from the Superior Court in Maricopa County
No. JS517583
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee DCS*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge John C. Gemmill joined.[1]

---

**J O H N S E N**, Judge:

**¶1** Leila S. ("Mother") appeals the superior court's order terminating her parental rights to three of her children. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** On a petition by the Department of Child Safety ("DCS") and after a trial, the superior court terminated Mother's parental rights with respect to the three children based on nine months' time-in-care and a prior out-of-home dependency under Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(8)(a) and (11) (2016), respectively.[2] This court has jurisdiction of Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 8-235(A) (2016) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶3** The superior court may terminate a parent's rights upon clear and convincing evidence of one of the statutory grounds in A.R.S. § 8-533(B). *Michael J. v. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000). Additionally, the superior court must find by a preponderance of the evidence that termination is in the child's best interest. *Jeffrey P. v. Dep't of Child Safety*, 239 Ariz. 212, 213, ¶ 5 (App. 2016). We review a termination order for an abuse of discretion. *Id.* We may affirm an order of termination

---

[1] The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Absent material revisions after the relevant date, we cite a statute's current version.

on any one of the statutory grounds on which the superior court ordered severance. *Jesus M. v. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).

**¶4**        Under A.R.S. § 8-533(B)(8)(a), parental rights may be terminated when:

> [t]he child has been in an out-of-home placement for a cumulative total period of nine months or longer pursuant to court order . . . and the parent has substantially neglected or wilfully refused to remedy the circumstances that cause the child to be in an out-of-home placement.

**¶5**        On appeal, Mother does not contest the court's findings that the children have been in out-of-home placement for more than nine months, DCS offered her appropriate reunification services and she had substantially neglected or wilfully refused to remedy the circumstances that caused the children to be in out-of-home placement.  Nor does she contest the court's finding that termination was in the children's best interests.

**¶6**        Instead, Mother argues the court abused its discretion when it admitted evidence that the three children's father, who is not a party to this appeal, had abused another child of hers, Y.H.  Mother argues the evidence was highly prejudicial and, because she had consented to the termination of her rights with respect to Y.H., not relevant.  The evidence Mother cites, while arguably relevant to other severance grounds alleged by DCS, bore little relevance to the nine-months-in-care ground for severance.  Mother offers no argument beyond speculation, however, that the evidence improperly influenced the court in its consideration of the petition to sever based on nine months' in care.  *See State v. Arellano*, 213 Ariz. 474, 480, ¶ 23, n. 5 ("A trial judge usually will not exclude evidence as unduly prejudicial when the trial is to the court.").

**¶7**        *Mother* also argues the court abused its discretion in granting DCS's request on the last day of trial to take judicial notice of several minute entries from the current case and prior dependencies.  Without agreeing with Mother's contention that the court erred by taking judicial notice of any of the minute entries at issue, we note Mother does not make any attempt to explain how she might have been prejudiced by the court's consideration of them.  She does not argue the court based its order of termination on the orders, or that without the prior orders, the evidence was insufficient to support the superior court's findings.

## CONCLUSION

**¶8**        We affirm the superior court's order granting severance based on nine months' time-in-care under A.R.S. § 8-533(B)(8)(a).    Having affirmed the termination based on that ground, we need not address the other ground for termination.  *Jesus M.*, 203 Ariz. at 280, ¶ 3.



AMY M. WOOD • Clerk of the Court
FILED:  AA